# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JUAN RODRIQUEZ-GONZALEZ, | ) |
| | ) |
| Movant, | ) |
| | ) No. 4:13-CV-00755-NKL |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Before the Court is Juan Rodriguez-Gonzalez's *pro se* Motion Under Title 28 U.S.C. § 2255 to Vacate, Set Aside, and Correct Sentence, [Doc. 1]. For the reasons set forth below, Rodriguez-Gonzalez's motion is DENIED.

## I.  Background

In June 2009, Rodriguez-Gonzalez was indicted on one count of conspiracy to distribute five kilograms or more of cocaine and fifty kilograms or more of marijuana and one count of illegal entry. *See* Case No. 4:09-CR-00187-NKL-2 ("Case 0187"). On October 20, 2010, Rodriguez-Gonzalez appeared before United States Magistrate Judge Sarah Hays and, pursuant to a plea agreement, entered a plea of guilty on both counts. *See* [Case 0187, Docs. 146-47].

The plea agreement contains a detailed factual basis for the guilty plea. [Case 0187, Doc. 147, at pp. 2-3]. The factual basis states that in the late months of 2008, Rodriguez-Gonzalez received approximately 90 to 150 kilograms of cocaine from a courier. *Id.* at 2. It also states that officers observed Rodriguez-Gonzalez overseeing

1

men putting items in the door panels of a vehicle which was later searched and found to contain 163 bundles of United States Currency, totaling more than $1.6 million. *Id.* at 2-3. It also states that the total amount of cocaine attributed to Rodriguez-Gonzalez would be more than 150 kilograms. *Id.* at 3.

In the plea agreement, Rodriguez-Gonzalez acknowledged that the factual basis would be used for purposes of determining his guilt and advisory sentencing range, including the calculation of his offense level. *Id.* He acknowledged that the sentencing range for his offense was between ten years and life imprisonment. *Id.* With respect to the application of the Sentencing Guidelines, the parties agreed in the plea agreement that the amount of cocaine base involved was approximately 150 kilograms and that the base offense level under the Sentencing Guidelines was 38. *Id.* at 6. There was no agreement as to his criminal history category. *Id.* at 7. Rodriguez-Gonzalez acknowledged that the Court was not bound by any calculation or recommendation offered by the parties or the United States Probation Office. *Id.* at 4. The plea agreement permitted Rodriguez-Gonzalez to argue for a lesser drug amount, seek a role-in-the-offense reduction, and to seek a safety valve reduction. *Id.* at 6-7. It also authorized a reduction for acceptance of responsibility. *Id.* at 7.

In the plea agreement Rodriguez-Gonzalez agreed that by pleading guilty, he waived his right to appeal or collaterally attack his sentence on any ground other than ineffective assistance of counsel, prosecutorial misconduct, or an illegal sentence. *Id.* at 9. He acknowledged that he entered into the agreement freely and voluntarily, that he

received effective assistance of counsel, and that no threats or promises were made by his attorney or any other party to induce him to enter his guilty plea. *Id.* at 11.

At his change-of-plea hearing, Rodriguez-Gonzalez stated that he reviewed the entire plea agreement and understood it. [Case 0187, Doc. 149, at pp. 8-9]. He stated that no one promised him what his sentence would be and that the Sentencing Guidelines were estimates. *Id.* at 10-11. He stated he was satisfied with the representation provided to him by his attorney and that no one coerced him to enter his guilty plea. *Id.* at 17.

In January 2011, a final presentence investigation report (PSR) was issued. *See* Case 0187, Doc. 186. The PSR attributed 199.39 kilograms of cocaine to Rodriguez-Gonzalez which included conversion of the $1.6 million in drug proceeds seized from the vehicle and quantities of cocaine shipped from a drug courier. Based on the drug quantity, a base offense level of 38 was assessed. The PSR recommended a three-level increase for Rodriguez-Gonzalez's leadership role and a three-level reduction for acceptance of responsibility. [Case 0187, Doc. 187]. The PSR recommended a Criminal History Category of III based on four criminal history points. These calculations yielded a statutory range of punishment, on Count One, of ten years to life imprisonment and a Sentencing Guidelines range of 292 to 365 months imprisonment.

Rodriguez-Gonzalez filed objections to the PSR's drug quantity and base offense level calculations, the enhancement for his leadership role in the offense, and the criminal history point calculation. On March 9, 2011, Rodriguez-Gonzalez appeared before the Court for sentencing. After argument on Rodriguez-Gonzalez's objections, the Court

sustained the leadership role enhancement objection and overruled the drug quantity and criminal history objections.

After sustaining Rodriguez-Gonzalez's objection to the leadership role enhancement, the Court calculated a base offense level of 35 and a Sentencing Guidelines range of 210 to 262 months. [Case 0187, Doc. 238, at p. 39]. The Court sentenced Rodriguez-Gonzalez to 240 months on Count One and six months on Count Two, to run concurrently. *Id.* at 44. Rodriguez-Gonzalez appealed to the Eighth Circuit, arguing his sentence was unreasonable. The Eighth Circuit affirmed. *United States v. Rodriguez-Gonzalez*, 477 Fed.Appx. 403 (8th Cir. 2012).

## II. Discussion

Rodriguez-Gonzalez has now filed a motion under 28 U.S.C. § 2255, seeking to vacate his conviction and sentence. In support of his motion, Rodriguez-Gonzalez argues he received ineffective assistance of counsel, that the drug quantities attributable to him were miscalculated, and that his criminal history category was miscalculated. Under 28 U.S.C. § 2255(a), a prisoner may file a motion with the court which imposed his sentence seeking for that court to vacate, set aside, or correct his sentence. 28 U.S.C. § 2255(a). Four grounds are properly within the scope of a motion to vacate, set aside, or correct a sentence: 1) the sentence was imposed in violation of the Constitution or laws of the United States, 2) the court was without jurisdiction to impose such sentence, 3) the sentence was in excess of the maximum penalty authorized by law, or 4) the sentence is otherwise subject to collateral attack. *Jackson v. United States*, 495 F.2d 249 (8th Cir. 1974).

### A. Ineffective Assistance of Counsel

Rodriguez-Gonzalez argues he received ineffective assistance of counsel. To prevail on this claim Rodriguez-Gonzalez must show both: 1) that defense counsel's representation was deficient; and 2) that counsel's performance prejudiced Rodriguez-Gonzalez's defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). Failure to show "either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Strickland*, 466 U.S. at 700. To establish *Strickland*'s "performance" prong, the defendant must show that "counsel's representation fell below an objective standard of reasonableness." *Lafler v. Cooper*, 132 S.Ct. 1376, 1384 (2012). This objective standard is measured by what is reasonable under prevailing professional norms. *Wiggins v. Smith*, 539 U.S. 510, 521 (2003).

First, both the plea colloquy and the plea agreement make it clear that Rodriguez-Gonzalez acknowledged that he was satisfied with the quality of representation he received. *See United States v. Norvell*, 729 F.3d 788 (8th Cir. 2013) (failure to assert objections to counsel's performance at the change-of-plea hearing, despite knowledge of an available defense, refutes any claim of ineffective assistance of counsel as a basis for withdrawing a plea). In his plea agreement, Rodriguez-Gonzalez acknowledged he was satisfied with his attorney's assistance and that his attorney advised him of his rights and obligations. [Case 0187, Doc. 147, at p. 11]. During Rodriguez-Gonzalez's change-of-plea hearing, he testified that he was satisfied with the representation he received and that no promises were made to him to induce his guilty plea. [Case 0187, Doc. 149, at p. 17].

Second, Rodriguez-Gonzalez's affirmative acknowledgements of his counsel's representation aside, Rodriguez-Gonzalez's claims for ineffective assistance of counsel fail under the *Strickland* test.

1. **Advising Rodriguez-Gonzalez to Plead Guilty**

Rodriguez-Gonzalez contends his attorney induced him into pleading guilty by telling him that by doing so, "a sentence of 10 years was a done deal." [Doc. 1, at p. 2]. First, Rodriguez-Gonzalez must show that his counsel's representation fell below an objective standard of reasonableness under professional norms. Rodriguez-Gonzalez claims his counsel assured him that he would only receive a ten year sentence. This allegation is inconsistent with Rodriguez-Gonzalez's testimony at his change-of-plea hearing and with his signed plea agreement. Rodriguez-Gonzalez acknowledged that he was not forced to plead guilty and that no promises had been made to him about what the Court would or would not do. [Case 0187, Doc. 147, at p. 11; Doc. 149 at pp. 10-11]. This is consistent with an affidavit filed in the present case by Kenton Hall, Rodriguez-Gonzalez's counsel, which states that although they discussed "potential outcomes at sentencing, including best and worst case scenarios," Rodriguez-Gonzalez was never guaranteed a specific number of months or years in prison.[1] [Doc. 5-1].

---

[1] In his reply in support of his motion to vacate, Rodriguez-Gonzalez argues that use of the transcripts from the change-of-plea hearing and the plea agreement itself are insufficient to defeat his ineffective assistance of counsel arguments. He states that his counsel told him "to accept as true everything said by the prosecution and/or the presentence report in order to receive the suppose [sic] 'plea deal' entered between counsel and the prosecution." [Doc. 9, at p. 1]. To remedy this deficiency, Rodriguez-Gonzalez argues that the Court should require his counsel to submit an affidavit to permit the Court to "assess the whole picture." However, Rodriguez-Gonzalez's counsel already submitted an affidavit stating that he did not promise Rodriguez-Gonzalez a specific sentence, and therefore, Rodriguez-Gonzalez's argument is without merit.

Further, the record contains evidence that Rodriguez-Gonzalez was informed as to the possible sentencing consequences of his guilty plea and had ample opportunity to object. During his change-of-plea hearing, Rodriguez-Gonzalez acknowledged that he understood everything in the plea agreement. [Case 0187, Doc. 149, at pp. 8-9]. He acknowledged that his sentence could be greater or less than the Guidelines range. *Id.* at 10; *see also* [Doc. 147, at p. 4]. The plea agreement also lists the penalty range for pleading guilty. [Case 0187, Doc. 147, at p. 3]. Nonetheless, even if Rodriguez-Gonzalez's attorney had represented to him that he would likely get a particular sentence, the Eighth Circuit has held that "inaccurate advice of counsel about the sentencing guidelines or likely punishment does not render involuntary a defendant's decision to plead guilty, so long as the defendant is informed of the maximum possible sentence permitted by statute and the court's ability to sentence within that range." *United States v. Quiroga*, 554 F.3d 1150, 1155 (8th Cir. 2009); *see also United States v. Thomas*, 705 F.3d 832, 834 (8th Cir. 2013). Rodriguez-Gonzalez's plea agreement contains this information. [Case 0187, Doc. 147, at p. 3]. Therefore, Rodriguez-Gonzalez's guilty plea was not involuntary, even if based on the inaccurate advice of his counsel about his likely punishment. Because Rodriguez-Gonzalez's counsel's performance was not deficient as to his first claim, an analysis of whether prejudice occurred is not needed.

**2. Failing to Inform Rodriguez-Gonzalez of Factors Affecting His Sentence**

Rodriguez-Gonzalez also contends that his attorney never told him that factors such as the drug quantity attributed to him, his criminal history, and his supervisory role would be considered in determining his sentence. Like above, these allegations are

7

inconsistent with the record. The factual basis in the plea agreement, which Rodriguez-Gonzalez acknowledged would be used for purposes of his sentencing, attributes "more than 150 kilograms" to Rodriguez-Gonzalez. [Case 0187, Doc. 147, at pp. 3, 6]. The agreement also states that "[t]here is no agreement between the parties regarding the defendant's criminal history category." *Id.* at 7. As to the enhancement for his leadership role, the agreement states that Rodriguez-Gonzalez could argue for a role reduction. Rodriguez-Gonzalez's attorney successfully objected to the leadership role enhancement, and his base offense level was reduced as a result thereof. [Case 0187, Doc. 238, at p. 39]. The plea agreement signed by Rodriguez-Gonzalez also states that the Sentencing Guidelines would provide for a base offense level of 38, which was what the Government recommended to the Court at sentencing. [Case 0187, Doc. 147, at 6]. Based on the record, it is clear Rodriguez-Gonzalez's counsel's advice was not deficient as to this claim, and therefore, an analysis of whether prejudice occurred is not needed.[2]

Rodriguez-Gonzalez failed to object to the adequacy of his counsel's representation and could not meet the strict standards of *Strickland*. Therefore, Rodriguez-Gonzalez's ineffective assistance of counsel claims must fail.

### B. Miscalculation of Drug Quantity

Rodriguez-Gonzalez next claims he was sentenced for possession of 199.15 kilograms of cocaine when he only pleaded guilty to 5 kilograms of cocaine. He also

---

[2] It is possible that Rodriguez-Gonzalez is also arguing that his sentence should be vacated or set aside because his plea agreement did not adequately inform him that these factors may affect his sentence. Regardless of whether Rodriguez-Gonzalez argues it was the inadequacy of the plea agreement or the ineffective assistance of his counsel that caused him to plea involuntarily, the outcome is the same.

8

argues that "the prosecution failed to show that the money involved in the conspiracy as charged represented the proceeds of an unlawful activity." [Doc. 1, at p. 6].

First, Rodriguez-Gonzalez waived his right appeal on these bases when he signed the plea agreement. Rodriguez-Gonzalez's plea agreement states:

> The defendant expressly waives his right to appeal his sentence, directly or collaterally, on any ground except claims of: (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence. An "illegal sentence" includes a sentence imposed in excess of the statutory maximum, but does *not* include less serious sentencing errors, such as a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence.

[Case 0187, Doc. 147 at 9]. Rodriguez-Gonzalez's sentence was within the Sentencing Guidelines range and statutory maximum and therefore does not meet the definition of an "illegal sentence." All of Rodriguez-Gonzalez's allegations under his drug quantity miscalculation claim are thus barred by the waiver Rodriguez-Gonzalez agreed to in the binding plea agreement.

Nevertheless, even if Rodriguez-Gonzalez did not waive his right to appeal these allegations, they are without merit. As to the quantity of drugs Rodriguez-Gonzalez pleaded guilty to possessing, the plea agreement signed by Rodriguez-Gonzalez states that the total amount of cocaine attributed to Rodriguez-Gonzalez would be more than 150 kilograms. *Id.* at 3. Rodriguez-Gonzalez appears to argue that he should only be sentenced for possession of five kilograms of cocaine because he was only indicted for that much. However, the indictment charges Rodriguez-Gonzalez for conspiracy to distribute five kilograms *or more* of cocaine. The "or more" part of the indictment was

9

later specified in the plea agreement as more than 150 kilograms of cocaine and was further refined to 199.15 kilograms in the PSR.

As to the conversion of the seized money into kilograms of cocaine, the Court again points to the plea agreement which specifically detailed the money seized and its conversion from approximately $1.6 million in United States Currency to 58.89 kilograms of cocaine. *Id.* at 3. Further, Rodriguez-Gonzalez did not object to this conversion at his sentencing hearing or at any other time prior to sentencing. On the contrary, at his sentencing hearing, his attorney only objected to the inclusion of cocaine seized at a house. Rodriguez-Gonzalez's attorney stated, "However, it's our position . . . that Mr. Rodriguez-Gonzalez should only be held accountable for the equivalent of, in cocaine of the amount of money seized in March 2009 from the Jeep, that Mr. Rodriguez-Gonzalez admitted assisting in loading the Jeep with cash currency in the amount of $1,619,660 . . . ." [Case 0187, Doc. 238, at p. 4]. Rodriguez-Gonzalez also cites to *United States v. Santos*, 553 U.S. 507 (2008). However, *Santos* involves the interpretation of the term "proceeds" in the federal money-laundering statute and is inapposite to Rodriguez-Gonzalez's arguments.

Rodriguez-Gonzalez's arguments regarding the total amount of cocaine that should have been attributed to him are barred by the waiver Rodriguez-Gonzalez agreed to in the binding plea agreement, and waiver aside, are inconsistent with the record. Therefore, Rodriguez-Gonzalez's miscalculation of drug quantity arguments fail.

**C. Criminal History Category Miscalculation**

Rodriguez-Gonzalez argues that the Court's calculation of his criminal history category was erroneous because he should not have received any criminal history points for prior convictions with sentences of less than one year. As with his arguments regarding the miscalculation of drug quantities attributable to him, Rodriguez-Gonzalez's criminal history miscalculation argument is barred by the waiver he agreed to in the plea agreement.

Further, even if Rodriguez-Gonzalez had not waived his right to appeal the calculation of his criminal history category, the calculation is correct. United States Sentencing Guideline § 4A1.1 describes how points are determined for the calculation of a defendant's criminal history category. Two points are added for each prior sentence of imprisonment of at least sixty days. U.S.S.G. § 4A1.1(b). Sentence of imprisonment includes the portion of a suspended sentence that was not suspended. *Id.* at § 4A1.2. The PSR states that in April 2006, Rodriguez-Gonzalez pleaded guilty to possession/purchase for sale of narcotic controlled substances. He was sentenced to three years of probation and was required to serve 360 days in jail, but was given credit for the 360 days in jail. Under §4A1.1(b), this conviction yields two criminal history points. Two points are also added if the defendant committed the crime for which he is currently being sentenced while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. *Id.* at § 4A1.1(d). At the time Rodriguez-Gonzalez was arrested for the offenses related to this Motion, a probation violation warrant was outstanding for the prior conviction above, yielding two more criminal history points for a total of four criminal history points. Further, Rodriguez-Gonzalez's

previous conviction is not exempt from consideration pursuant to § 4A1.2(c), which excludes from consideration offenses such as fish and game violations, hitchhiking, loitering, minor traffic infractions, and offenses committed more than fifteen years prior to the current offense.

Rodriguez-Gonzalez also cites Title 8 U.S.C. § 1229b(a)(3) for the proposition that a qualifying felony is a crime for which the maximum term of imprisonment authorized is more than one year. [Doc. 1, at p. 11]. Title 8 U.S.C. § 1229b is unrelated to the Sentencing Guidelines and provides when the Attorney General may cancel removal of an alien who is inadmissible or deportable from the United States. Rodriguez-Gonzalez also cites *Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010), which is also unrelated to the computation of a criminal history category and addresses how prior offenses are considered when determining cancellation of removal. Sentencing Guideline §§ 4A1.1-2 do not require that only felonies be considered in calculating the criminal history category. Section 4A1.2(c) states that "[s]entences for misdemeanors and petty offenses are counted" with certain exceptions, none of which include Rodriguez-Gonzalez's previous conviction. Further § 4A1.1(b)-(c) specifically address adding points for sentences of imprisonment of less than one year.

Rodriguez-Gonzalez's claims that his criminal history category was improperly calculated are barred by the waiver Rodriguez-Gonzalez agreed to in the binding plea agreement, and waiver aside, are inconsistent with the record. Therefore, Rodriguez-Gonzalez's criminal history miscalculation arguments fail.

Rodriguez-Gonzalez failed to object to the adequacy of his counsel's representation and could not meet the strict standards of *Strickland*. Therefore, Rodriguez-Gonzalez's ineffective assistance of counsel claims fail. Rodriguez-Gonzalez's drug quantity miscalculation and criminal history miscalculation claims also fail under the plea agreement appeal waiver and because they are inconsistent with the record and with the law. As such, an evidentiary hearing for Rodriguez-Gonzalez's 28 U.S.C. § 2255 motion is unnecessary because the motion, files, and records of the case conclusively show that Rodriguez-Gonzalez is not entitled to relief. *See Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008).

### D. Certificate of Appealability

The Court will issue a certificate of appealability only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons discussed above, Rodriguez-Gonzalez has not made a substantial showing of the denial of a constitutional right. Consequently, the Court does not issue a certificate of appealability in this case.

### III. Conclusion

For the reasons stated above, Juan Rodriguez-Gonzalez's Motion Under Title 28 U.S.C. § 2255 to Vacate, Set Aside, and Correct Sentence, [Doc. 1], is DENIED.

                                        s/ Nanette K. Laughrey
                                        NANETTE K. LAUGHREY
                                        United States District Judge

Dated: June 4, 2014
Jefferson City, Missouri